NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL TRELAWNEY HUGHES,

Plaintiff - Appellant,

v.

MARQUEZ, Correctional Officer of
Federal Prison; Lieutenant T.
DENNIS; FLORES, Correctional Officer of
Federal Prison; McKINNEY,
Warden; CHAVIRA, OFC; HILL,
Lieutenant,

Defendants - Appellees.

No. 24-1803

D.C. No. 5:22-cv-02117-KK-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Submitted June 18, 2025[**]

Before: CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Samuel Trelawney Hughes appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  We affirm.

The district court properly dismissed Hughes's action because a *Bivens* remedy is unavailable for his claims.  *See Egbert v. Boule*, 596 U.S. 482, 490-93, 498-99 (2022) (concluding that there is no *Bivens* cause of action for a First Amendment retaliation claim, and explaining that recognizing a cause of action under *Bivens* is a disfavored judicial activity and that the presence of an alternative remedial structure precludes recognizing a *Bivens* cause of action in a new context); *Chambers v. Herrera*, 78 F.4th 1100, 1105-08 (9th Cir. 2023) (declining to extend a *Bivens* remedy to an Eighth Amendment excessive force claim).

**AFFIRMED.**